UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00013-GNS

MATTHEW B. DEHART                                                                                          PLAINTIFF

v.

DEPUTY KENNY PERKINS, et al.                                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 6). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.     STATEMENT OF FACTS AND CLAIMS

This action was filed by Plaintiff Matthew B. DeHart ("DeHart") against Defendants Kenny Perkins ("Perkins"), Ronnie Golden ("Golden"), and Derek Polston, deputies employed by the Russell County Sheriff's Department and Kentucky State Police ("KSP") Trooper Jacob Harper ("Harper") and the Unknown Supervisor of Jacob Harper of the KSP, as well as the KSP itself.

DeHart alleges that on January 31, 2021, Golden and Perkins requested that Harper stop DeHart's vehicle because he was attempting to elude Golden. (Compl. ¶ 13, DN 1-1). Harper located DeHart's vehicle in a parking lot and, upon approach, requested DeHart's driver's license and proof of insurance. (Compl. ¶¶ 14-15). Harper asked DeHart to exit the vehicle, at which point DeHart told Harper he was unable to stand for sobriety tests due to a hip condition. (Compl. ¶ 16). DeHart alleges that after passing a sobriety test, he was required to stand while Harper

conversed on the phone with his supervisor ("Unknown Superior of Jacob Harper"). (Compl. ¶¶ 16-17). According to DeHart, after Golden took his K9 around DeHart's vehicle and the dog did not alert, Harper informed DeHart that he was being arrested for "eluding" and driving under the influence. (Compl. ¶¶ 18-19). Harper then handcuffed DeHart and placed him in Harper's vehicle for forty-five minutes while Harper searched DeHart's vehicle incident to his arrest. (Compl. ¶ 19). DeHart was taken to the Russell County Detention Center and held for eight hours. (Compl. ¶ 20). DeHart later learned he was being charged with operating a motor vehicle under the influence of illegal substances, which was ultimately dismissed on January 11, 2022. (Compl. ¶¶ 21-22).

DeHart alleges numerous constitutional violations pursuant to 42 U.S.C. §§ 1983 and 1985, including assault and battery, false arrest and false imprisonment, malicious prosecution, abuse of process, and conspiracy. DeHart also asserts various state law claims including assault and battery, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Defendants Harper, Unknown Supervisor of Jacob Harper, and the KSP ("KSP Defendants") moved to dismiss this action against them. (Defs.' Mot. Dismiss, DN 6).

## II.    JURISDICTION

Jurisdiction for the federal law claims is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## III.   STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)

(citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

When considering a defendant's motion to dismiss, the Court will "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration in original) (internal quotation marks omitted) (internal citation omitted) (citation omitted). Thus, to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

While courts generally may not consider matters outside of the pleadings on a motion to dismiss, the Sixth Circuit has noted:

3

> [A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment.

*Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted).

### IV.    DISCUSSION[1]

#### A.    Malicious Prosecution

The KSP Defendants argue that DeHart has not sufficiently pled a malicious prosecution claim under federal or Kentucky law because he has not shown that the underlying criminal prosecution ended in his favor. (Defs.' Mot. Dismiss 15-16). To assert a malicious prosecution claim under Kentucky law, a plaintiff must allege:

> (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Garcia v. Whitaker*, 400 S.W.3d 270, 274 (Ky. 2013) (citation omitted). To succeed on a malicious prosecution claim, the termination must reflect the plaintiff's "innocence of the alleged wrongful conduct." *Davidson v. Caster-Knott Dry Goods Co.*, 202 S.W.3d 597, 605 (Ky. App. 2006)

---

[1] The KSP Defendants argue that "Eleventh Amendment Immunity and Sovereign Immunity Deprive the Court of Subject Matter Jurisdiction as to all Official Capacity Claims against Trooper Harper and Unknown Superior of Trooper Harper and any claims against the Kentucky State Police, such as Abuse of Criminal Process." (Defs.' Mot. Dismiss 3). DeHart, in his response, states that "Plaintiff cannot make a good faith argument that Defendant's recitation of the law regarding such Official Capacity claims is either inaccurate or invalid. As such, Plaintiff would respectfully withdraw such claims and decline to plead further in that regard." (Pl.'s Resp. Defs.' Mot. Dismiss 1, DN 9). The official capacity claims under both federal and state law against Harper and Unknown Superior of Trooper Harper are therefore dismissed. DeHart does not respond to the KSP Defendants' Eleventh Amendment and state sovereign immunity arguments and has therefore waived opposition. *Butler v. City of Cincinnati*, No. 1:17-CV-604, 2020 U.S. Dist. LEXIS 132032, at *29 (S.D. Ohio July 27, 2020)) ("Plaintiff does not respond to this argument, and the Court will construe his silence as a concession." (internal citation omitted)). Claims against the KSP are therefore dismissed, including the abuse of process claim to which DeHart also failed to respond to the KSP's motion.

(citation omitted). In Kentucky, "[i]f the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution." *Id*. (emphasis omitted).

For a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must plead that: (1) there was a criminal prosecution initiated against him, (2) the defendant was involved in the decision to prosecute, (3) there was a lack of probable cause for the prosecution, (4) there was a resulting deprivation of liberty, and (5) the proceeding was terminated in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010). The Supreme Court's recent decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022), is instructive. In *Thompson*, the charges against the plaintiff in the underlying case were dismissed in an order without explanation. *Id*. at 1336.[2] The Supreme Court held as a result that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Id*. at 1335.

The Complaint alleges that Harper, without good faith, initiated criminal proceedings against DeHart without probable cause, the proceedings were favorably terminated, and DeHart suffered damages as a result of the action. (Compl. ¶¶ 63-73). Attached to the Complaint was an order stating the action was dismissed on January 11, 2022, citing to "the Court having previously granted [DeHart's] motion to suppress." (Order 1, DN 1-1). In response to the KSP Defendants'

---

[2] The Complaint alleges Section 1983 malicious prosecution claims in violation of the Fourth, Fifth, and Fourteenth Amendments. (Compl. ¶ 72). The U.S. Supreme Court has held that only the Fourth Amendment could serve as the basis for a Section 1983 malicious prosecution claim. *Albright v. Oliver*, 510 U.S. 266, 274 (1994). The Sixth Circuit also recognized this precedent in *King v. Harwood*, 852 F.3d 568, 580 n.4 (6th Cir. 2017). Therefore, the Section 1983 claim may only rest upon Fourth Amendment grounds.

motion to dismiss, DeHart attaches an order from the Russell District Court dated January 5, 2022, granting his motion to suppress and finding there was "insufficient evidence of a reasonable suspicion of criminal activity to justify the stop of vehicle in which defendant was sitting, nor was there sufficient evidence of operation of physical control of a vehicle" to support an arrest for operating a vehicle under the influence. (Order 1, DN 9-1).[3] While DeHart is not required to offer proof of the elements of a malicious prosecution claim at this stage, the Complaint and the corresponding orders from the Russell District Court satisfy the requirement that the underlying action was terminated in a manner indicative of innocence. The January 11, 2022, order further indicates the prosecution of DeHart ended without a conviction. *Thompson*, 142 S. Ct. at 1335.[4]

### B. False Arrest/False Imprisonment under Section 1983[5]

DeHart asserts a claim of "false arrest/false imprisonment" pursuant to Section 1983. (Compl. ¶¶ 54-62). Because the elements of false imprisonment and false arrest overlap, the

---

[3] The January 5, 2022, order is a part of the public record and relevant to the claims contained in the Complaint which may be considered on a motion to dismiss. *Gavitt*, 835 F.3d at 640.

[4] While DeHart fails to respond to Harper's qualified immunity argument regarding his Fourth Amendment false arrest claim, the Sixth Circuit has recognized that it is inappropriate for a court to resolve the applicability of qualified immunity in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) ("[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an officer's 'entitle[ment] to qualified immunity is a threshold question to be resolved at the earliest possible point,' that point is usually summary judgment and not dismissal under Rule 12." (alterations in original) (internal quotation marks omitted) (internal citation omitted) (citation omitted)).

[5] The KSP Defendants further argue that DeHart's Eighth Amendment claim should be dismissed, as well as claims for assault and battery under both federal and state law, false arrest, false imprisonment, and abuse of process. The KSP Defendants state that DeHart has not alleged a criminal conviction to support a claim under the Eight Amendment. (Defs.' Mot. Dismiss 23). DeHart does not respond to the argument. As a result, DeHart has waived his claims to the extent they are premised on the Eight Amendment: Counts One, Three, and Eight. With regard to false arrest, malicious prosecution, and abuse of process claims, DeHart states that "[t]he Plaintiff believes that at this point at least prima facia [sic] evidence of all of these matters has been shown and/or plead." (Pl.'s Resp. Defs.' Mot. Dismiss 3). A sister court held that "Plaintiff's only response in his brief was to summarize [the defendants'] arguments and then to state 'the allegations of the Complaint speak for themselves'" in response to arguments made in a motion to

6

Supreme Court has referred to them "together as false imprisonment." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). A claim of false arrest requires the absence of probable cause for the arrest. *Buttino v. City of Hamtramck*, 87 F. App'x 499, 502 (6th Cir. 2004). While Defendants argue that DeHart "cannot prove an absence of probable cause" to substantiate a false arrest claim, such proof is not required at this stage. (Defs.' Mot. Dismiss 17). Taking all allegations in the Complaint as true, DeHart has adequately pled that he was detained without probable cause. (Compl. ¶¶ 56-59).

### C. Common Law False Imprisonment

DeHart also asserts a common law claim for false imprisonment. (Compl. ¶¶ 46-53). "When, as here, a law enforcement officer is the alleged tortfeasor, Kentucky collapses claims of false arrest and false imprisonment." *Estep v. Combs*, 366 F. Supp. 3d 863, 883 (E.D. Ky. 2018) (citing *Dunn v. Felty*, No. 2004-CA-001029-MR, 2005 WL 736596, at *2 (Ky. App. Apr. 1, 2005), *aff'd*, 226 S.W.3d 68 (Ky. 2007)). Further, "realizing that every confinement of a person is an imprisonment, whether it occurs in a prison or a house, we shall refer to the torts of false imprisonment and false arrest together as false imprisonment." *Dunn v. Felty*, 226 S.W.3d 68, 71 (Ky. 2007). The state law claim for false imprisonment against law enforcement is therefore synonymous with a false arrest claim. A law enforcement officer may detain an individual under Kentucky law pursuant to a warrant or if he has "probable cause, that is, reasonable objective grounds to believe that a crime was committed and that the plaintiff committed it." *Id.* (citation omitted). False arrest provides a remedy for an unlawful detention where neither a warrant nor

---

dismiss were insufficient to prevent waiver of the argument. *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014). While DeHart's malicious prosecution and false arrest/imprisonment claims are further addressed in his response, albeit briefly, DeHart does not respond in substance to the KSP Defendants' argument that his abuse of process claim is not adequately pled in the Complaint nor that the KSP is entitled to Eleventh Amendment and sovereign immunity. As a result, DeHart's claims for assault and battery under both federal and state law, and abuse of process will be dismissed.

7

probable cause are present. *Id*. DeHart alleges in the Complaint that he was detained without cause and is not required at this time to prove the truth of that allegation. (Compl. ¶¶ 48-51). This claim will be allowed to proceed.

### D. Intentional Infliction of Emotional Distress

The KSP Defendants move to dismiss DeHart's intentional infliction of emotional distress claim by asserting that such a claim cannot survive if there are other remedies available for the challenged actions. (Defs.' Mot. Dismiss 19-21). "The tort of outrage, also known as intentional infliction of emotional distress, is typically considered a 'gap-filler,' meaning that the tort is available where a more traditional tort would not provide an appropriate remedy." *Vidal v. Lexington Fayette Urb. Cnty. Gov't*, No. 5:13-117-DCR, 2014 WL 4418113, at *9 (E.D. Ky. Sept. 8, 2014) (citation omitted). "The tort of outrage," however, "is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants solely intended to cause extreme emotional distress." *Green v. Floyd Cnty.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011) (citation omitted).

In *Estep*, the court allowed claims for Section 1983 violations to go forward as well as state law false imprisonment and malicious prosecution claims. *Estep*, 366 F. Supp. 3d at 888. As a result, the court found "constitutional and traditional state law torts are available to address [the plaintiff's] claimed emotional distress." *Id*. at 887. When deciding whether the claim of emotional distress could be brought in conjunction with the other sufficient claims, the court found, "the Complaint makes clear that emotional distress is not the crux of the torts alleged, but rather deprivation of liberty and the injuries to Plaintiff's wrists are." *Id*. at 887 (citation omitted).

The case at bar is similar. DeHart's Section 1983 common law and malicious prosecution claims are available in accordance with this Order, as well as his false imprisonment claims under

federal and state law. As a result, DeHart would need to plead that causing emotional distress was Harper's sole intent. *Green*, 803 F. Supp. 2d at 655. "When the claim of emotional distress is a supplement to another tort claim, such as false imprisonment, the burden of showing sole intent cannot be met." *Lovins v. Hurt*, No. 11-216-JBC, 2011 WL 5592771, at *3 (E.D. Ky. Nov. 16, 2011) (citation omitted). DeHart asserts in the Complaint only "[t]hat the Defendants' conduct described herein was intentional, willful, wanton and reckless and constitutes outrageous conduct to any reasonable person." (Compl. ¶ 88). DeHart does not, however, allege that the sole intent of said conduct (i.e., the claimed violations) was solely to cause DeHart emotional distress nor does he allege that Harper intended to cause emotional distress, only that his actions were done intentionally. (Compl. ¶ 88). As a result, DeHart's intentional infliction of emotional distress claim will be dismissed.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 6) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims for intentional infliction of emotional distress, assault, battery, Eighth Amendment violations, and abuse of process **DISMISSED WITH PREJUDICE** to the extent they are asserted against Defendants Jacob Harper, Unknown Supervisor of Harper, or the Kentucky State Police. Claims against Defendant Jacob Harper in his official capacity and against the Defendant Kentucky State Police are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

September 14, 2022

cc: counsel of record

9